## Smith v. The State.

The mere fact that the indictment was mislaid or stolen after the trial, and could not be sent up with the writ of error, is not sufficient ground for reversing the judgment.

The right to challenge jurors under the Code is unconditional, and any ruling of the court calculated to restrict that right; or to make the defendants right dependent upon the exercise of the same right by the State is erroneous.

A witness whose name is not indorsed on the indictment, if objected to, should not be permitted to testify in behalf of the State.

*Error to Appanoose District Court.*

*Opinion by* Greene, J. Indictment for disturbing a worshiping congregation. Plea not guilty. Verdict guilty.

The record before us is very imperfect. But we will briefly consider the leading errors assigned.

1. "No indictment was ever found against the appellant." The clerk's certificate, states that the indictment was mislaid, or carried away after the trial below. The record conclusively shows, that there was an indictment, upon which the proceedings below were had. The mere fact that the indictment was stolen, or missing, after the trial, and could not be sent up with the writ of error, will not justhis court in reversing the judgment. If a missing indictment, should be deemed sufficient ground to arrest or reverse a judgment, it might often prove very inconvenient to find such presentments.

2. The court erred in ruling, that in challenging the jury, the state must first challenge one juror, and then the defendant two, and so on alternately. Under the wording of the bill of exceptions, it seems that the defendant could not be permitted to challenge even two jurors, until the state had challenged one, and consequently if the state should elect to make no challenge, the defendant would have no right to a challenge. For an offense, less than felony, the

Smith *v*. The State.

defendant has a right to challenge four jurors, and the state two. This right with both parties, is unconditional. It may be exercised by defendant, to the full extent, whether the state exercises the right or not, and *vice versa*.

The rights of challenging jurors, to the extent provided by the Code, is absolute, and without qualification. The court below, therefore, erred in ruling to the effect that defendant's right, was dependent upon the right being first exercised by the state.

3. The court erred in permitting a witness to testify. 1. Because his name was not upon the back of the indictment. 2. Because the testimony was cumulative.

It appears by the bill of exceptions that the defendant objected to this witness, for the reasons assigned. The Code, requires the names of material witnesses, for the state to be indorsed, on the indictment. Hence according to *Ray* v. *The State*, 1. G. Greene, 316; and *Harriman* v. *The State*, 2. ib., 284, when the defendant objects to a witness, whose name is not indorsed on the indictment, he should not be permitted to testify. Inconvenient as this rule may at times appear, still in justice to the accused, it should perhaps be maintained. There is certainly great fairness in advising a prisoner of those witnesses, who may appear against him, in time to guard against false or tainted accusation.

The objection in relation to the cumulative character of the testimony, does not appear to be well founded. In that particular, it does not seem that the court exceeded a sound discretion.

Judgment reversed.

*Wm. Penn Clarke*, for plaintiff in error.

*D. C. Cloud*, for the state.